## Fourth Department, January, 1966

### (January 13, 1966)

Eula M. Gandy, as Administratrix of the Estate of John F. Gandy, Deceased, Appellant, v. Charles F. Wuster, Respondent, et al., Defendants. — Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The findings implicit in the verdict of the jury (1) that each defendant was free from negligence or (2) that plaintiff's intestate was guilty of contributory negligence, or both, are contrary to the evidence. Upon the new trial consideration should be given by the court to requiring the jury to return a general verdict accompanied by written answers to written interrogatories. (CPLR 4111, subd. [c].) Such interrogatories should pose for the jury the issues as to negligence, if any, of the respective defendants and the contributory negligence, if any, of

plaintiff's intestate. In view of the multiple collisions occurring in a brief period of time a general verdict compels both trial and appellate courts to speculate as to the basis thereof. (Cf. *Jasinski* v. *New York Cent. R. R. Co.,* 21 A D 2d 456, 461–463; *Dore* v. *Long Is. R. R. Co.,* 23 A D 2d 502.) Lastly, counsel for respondent, Parsley, by his cross-examination improperly injected the fact that the life of plaintiff's intestate was insured by a third party. While the proof was subsequently stricken it was patently irrelevant and prejudicial to plaintiff. All concur, except Williams, P. J., and Henry, J., who dissent and vote to affirm. (Appeal from judgment of Onondaga Trial Term for no cause of action, in an action for wrongful death, conscious pain and suffering.) Present — Williams, P. J., Bastow, Henry, Del Vecchio and Marsh, JJ.